TAMANY J. VINSON BENTZ (SBN 258600)
tamany.bentz@dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, California 90067-4704
T: 310.595.3000
F: 310.595.3300

David Lowe (pro hac vice)
lowe@lowegrahamjones.com
**LOWE GRAHAM JONES**
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
T: 206.381.3300
F: 206.381.3301

Attorneys for Plaintiff
Eko Brands, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EKO BRANDS, LLC,<br><br>             Plaintiff,<br><br>      v.<br><br>ADRIAN RIVERA MAYNEZ ENTERPRISES, INC.; and ADRIAN RIVERA, an individual,<br><br>             Defendants. | Civil Action No.<br><br>COMPLAINT FOR PATENT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff EKO BRANDS, LLC ("Eko") alleges the following causes of action against Defendants ADRIAN RIVERA MAYNEZ ENTERPRISES, INC. and ADRIAN RIVERA:

# I. PARTIES

**A.  PLAINTIFF**

1. Plaintiff Eko Brands, LLC ("Eko") is a Washington limited liability company with an address at 6029 238th St. SE, Woodinville, WA 98072.

**B.  DEFENDANTS**

2. On information and belief, Defendant Adrian Rivera Maynez Enterprises, Inc. ("ARM") is a corporation formed under the laws of the State of Nevada and has a principal place of business at 14979 Lodosa Dr., Whittier, California 90605. ARM designs, manufactures, markets and distributes single-serve coffee brewing products at retailers nationwide and in this District under the ECO-FILL and ECO-FLOW brands.

3. On information and belief, Defendant Mr. Adrian Rivera ("Rivera") is an individual with an address at 14979 Lodosa Drive, Whittier, California 90605. Defendant Rivera is the owner, founder and president of ARM.

4. On information and belief, Rivera has controlled all of the conduct of ARM complained of herein and is a decision maker having joint and several liability with ARM for all the acts complained of herein.

5. On information and belief, each Defendant has acted with the permission, consent, knowledge and active inducement on the part of the other with regard to the acts alleged herein, and together have acted as co-conspirators and/or agents in the performance of such acts.

6. On information and belief, there has existed a unity of interest between Defendants ARM and Rivera such that any individuality and separateness of ARM and Rivera has ceased, and that each is the alter-ego of the other in the acts alleged.

## II. JURISDICTION AND VENUE

7. This action arises under the patent laws of the United States, including 35 U.S.C. §§ 271 and 281. Accordingly, original jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331.

8. Venue and personal jurisdiction are proper in this Court pursuant to 28 U.S.C. §§ 1391 and/or 1400(b).

9. This Court has personal jurisdiction over Defendants because each Defendant, either individually or as part of an agreement, has: (a) offered, sold, advertised and provided within retail stores in this District infringing products; (b) resides in, maintains and has maintained continuous and systematic contacts with this District over a period of time through at least such activities; and (c) purposefully availed itself of the benefits of doing business in this District. Accordingly, Defendants, and each of them, maintain minimum contacts with this District that are more than sufficient to subject the Defendants to service of process in compliance with due process of law.

10. Venue is proper because, at all times relevant hereto, Defendants reside or are otherwise found in this District and a substantial part of the events giving rise to Eko's claims occurred in this District, including but not limited to Defendants' transacting business and engaging in acts of patent infringement in this District. Defendants are subject to personal jurisdiction in this District at the commencement of this action, as set forth above.

### III. FACTUAL ALLEGATIONS

**A. GENERAL ALLEGATIONS**

11. Eko has been a market leader in selling single-serve, reusable beverage capsules that are commonly used with single-serve beverage brewing machines, such as those sold under the Keurig® brand. Eko also sells paper filters and cleaning tablets to be used in connection with its reusable beverage capsules.

12. Eko's reusable filter brewing cartridges are designed as a replacement for KEURIG®'s "K-cups." The latter are distributed pre-filled with ground coffee beans and are designed by KEURIG® to be used once and then disposed. This has caused many consumers to be concerned with the environmental impact of these disposable capsules. To solve this issue, and others, Eko's reusable filter brewing

cartridges are designed to allow the consumer to fill them with their own choice of ground coffee and can be refilled and reused to brew coffee in a KEURIG® machine. These are designed with permanent filters so that a consumer only has to wash out the cartridge and refill it to reuse it.

13. True and accurate images of examples of Eko's products are reproduced below:

    

14. has sold, and continues to sell its products through a variety of online and physical storefronts, including but not limited to: Amazon.com, Walmart, Bed Bath & Beyond, Wayfair.com, Safeway, Kroger, Walgreens and CVS. Eko also advertises its products direct to consumers on its website www.ekobrew.com.

**B.   EKO'S PATENT RIGHTS**

15. Eko is a leading designer and innovator in the single-serve, reusable beverage capsules industry. Since the company's founding, Eko has expended hundreds of thousands of dollars in developing and marketing high-quality, reliable products, thereby contributing to the company's goodwill and reputation. As a result of Eko's tireless efforts, the company's founders were awarded multiple United States Patents, including Nos. 8,707,855 ("855 patent"); 8,561,524; D677120; and D688095, all of which have been since been assigned to Eko. Most recently, Eko has been assigned U.S. Patent No. 10,154,751 ("751 patent"), a continuation of the 855 patent that issued December 18, 2018 and is the subject of the present lawsuit.

16. Eko has licensed its patents as well as successfully defended them against validity challenge to or infringement by others, including Defendants. Eko

successfully defended the validity of Eko's 855 patent against ARM's prior reexamination challenge, leading to issuance of an Ex Parte Reexamination Certificate for the 855 patent on February 21, 2017. In June 2018, Eko successfully won a jury verdict of substantial damages, permanent injunction and award of attorney's fees against ARM for its infringement of the 855 patent. *Eko Brands, LLC v. Adrian Rivera Maynez Enters.,* 325 F. Supp. 3d 1116 (W.D. Wash. 2018)

17. Eko has and continues to sell a commercial embodiment under the 751 patent, and its products have enjoyed commercial success. Eko has consistently marked its products with reference to the 751 patent number, per 35 U.S.C. 287(a).

18. Exemplary images from the 751 patent are shown below, illustrating a beverage brewing device.



Fig. 2.                        Fig. 3.

C. **DEFENDANTS' WRONGFUL ACTIONS**

19. Defendants have made, imported, offered for sale, and/or sold single-serve, reusable beverage capsules that infringe Eko's patent rights.

1   20.   Included among Defendants' infringing products, believed to be sold under the ECO-FILL/ECO-FILL DELUXE 2.0 or ECO-FLOW brand names, are the following products:



21.   Defendants have known that their single-serve, reusable beverage capsules infringe the Eko's 751 patent since at least as early December 1, 2018, when Eko provided Defendants with a copy of the Notice of Allowance, Issue Notification and allowed claims for what issued as the 751 patent on December 18, 2018. On December 20, 2018, counsel for Eko sent an email to counsel for Defendants, notifying them of the and including a copy of the issued 751 patent. Defendants did not respond, and have continued to sell the infringing products despite the awareness of the infringement.

## IV. CAUSE OF ACTION—INFRINGEMENT OF THE 751 PATENT

22. Eko repeats the allegations above.

23. The accused single-serve, reusable beverage capsules made, offered for sale, sold, and imported by Defendants, including without limitation those sold under the ECO-FILL/ECO-FILL DELUXE 2.0 or ECO-FLOW brand names, infringe Eko's 751 patent. Without limitation, the infringed claims include at least claims 1-4 for the ECO-FILL/ECO-FILL DELUXE 2.0 product and claims 1 and 3 for the ECO-FLOW product.

24. Without limitation, the infringed claims include at least claims 1-4 for the ECO FILL/ECO FILL DELUXE 2.0 product. By way of example, the images below show an ECO-FILL DELUXE 2.0 single-serve, reusable beverage capsule notated to show the correspondence between asserted claim limitations in claims 1 and 2 and features of the infringing product:



 

1. *A beverage brewing device for use with a single serve beverage brewer having a brewing holster, an inlet probe for dispensing water, the inlet probe moveable between a non-brewing position and a brewing position, and an outlet probe extending upwardly into the brewing holster for outletting a brewed beverage, the beverage brewing device comprising:*

   *a lid (1) defining an inlet probe opening (2) sized to receive the inlet probe;*

   *a cup (3) comprising—*

   *a sidewall (4) having a circular upper edge (5) defining an upper opening (6), a lower edge (7) defining a lower opening (8), and an inner sidewall surface (9) extending between the circular upper edge (5) and the lower edge (7);*

   *a bottom wall (10) having a planar inner surface (11) and planar outer surface (12) opposite the planar inner surface (11), the bottom wall (10) extending across the lower opening (8) such that the planar inner*

*surface (11) intersects the inner sidewall surface (9), the bottom wall (10) defining a receptacle opening (13) extending inwardly into the bottom wall (10) from an edge (14) of the bottom wall (10);*

*a receptacle (15) secured to the bottom wall (10) over the receptacle opening (13) and extending upwardly from the bottom wall (10) and lower edge (7) toward the upper edge (5), the receptacle (15) having a convex inner surface (16) and a concave outer surface (17), the concave outer surface (17) sized to receive the outlet probe when the cup (3) is positioned within the brewing holster, the receptacle (15) being a continuous layer of material that prevents fluid flow through the continuous layer of material;*

*one or more mesh filters (18) included in at least one of the sidewall (4) and the bottom wall (10);*

*wherein the convex inner surface (16), planar inner surface (11) and inner sidewall surface (9) define a volume for receiving brewing material, the volume being sealed except for the one or more mesh filters (18) and the upper opening (6).*

*2. The beverage brewing device of claim 1,*

*wherein the sidewall (4) further defines a sidewall indentation (19) extending upward from the lower edge (7) partially toward the upper edge (5);*

*wherein the receptacle opening (13) comprises a bottom indentation (20) defined by the bottom wall (10) and extending inwardly from a perimeter of the bottom wall (10);*

*wherein the receptacle (15) is connected to the sidewall (4) around the sidewall indentation (19) and extends inwardly from the sidewall (4); and*

*wherein the receptacle (15) is connected to the bottom wall (10) around the bottom indentation (20).*

25. Without limitation, the infringed claims include at least claims 1 and 3 for the ECO-FLOW product. By way of example, the image below shows the bottom of an ECO-FLOW single-serve, reusable beverage capsule notated to show the only significant distinction (for purposes of the infringement analysis) between this



product and the ECO-FILL/ECO-FILL DELUXE 2.0 product described above

26. Defendants have not been granted any license or other authority from Eko to make, import, use, offer for sale, or sell its single-serve, reusable beverage capsules.

27. The activities by Defendants with regard to its single-serve, reusable beverage capsules constitute direct infringement of the 751 patent pursuant to 35 U.S.C. § 271.

28. As a direct result of the infringing activity by Defendants, Eko has suffered, and will continue to suffer, damages in an amount to be established at trial.

DLA PIPER LLP (US)
LOS ANGELES

WEST\284940640.1

In addition, Eko has suffered, and continues to suffer, irreparable harm for which there is no adequate remedy at law.

29. The infringement by Defendants was with full knowledge of the 751 patent, and has continued despite that knowledge. Defendants' infringement is in willful disregard of Eko's patent rights.

## V. PRAYER FOR RELIEF

Eko requests the following alternative and cumulative relief:

a. That Defendants be preliminarily and permanently enjoined and restrained from directly or indirectly making, using, importing, exporting, offering for sale, or selling single-serve, reusable beverage capsules or colorable imitations thereof;

b. That Defendants pay damages adequate to compensate Eko for the infringement by the Defendants, and in no event less than a reasonable royalty for the use of the invention;

c. That the damages award be trebled pursuant to 35 U.S.C. § 284;

d. That Eko be granted its reasonable attorney's fees pursuant to 35 U.S.C. § 285 or other applicable laws;

e. That Eko be awarded prejudgment interest, post-judgment interest, and costs; and

f. Such other and further relief as the Court may deem just and proper.

Dated: January 11, 2019    DLA PIPER LLP (US)

By: /s/ Tamany J. Vinson Bentz
TAMANY J. VINSON BENTZ
Attorneys for Plaintiff Eko Brands, LLC

Dated: January 11, 2019    LOWE GRAHAM JONES

By: /s/ David Lowe
DAVID LOWE
Attorneys for Plaintiff Eko Brands, LLC